# Ott v. Locust Lake Village, Inc. (No. 2)

*Michael J. Wetmore,* for plaintiffs.
*Cletus M. Lyman, Cletus P. Lyman* and *James C. Scanlon,* for defendant.

WILLIAMS, *P. J.,* March 4, 1974—Corporate plaintiff is an incorporated association of all the lot owners in a lot development known as Locust Lake Village. The individual plaintiff is a lot owner in said development. Plaintiffs brought the action as a

class action in behalf of all the lot owners in Locust Lake Village. The gravamen of the original complaint is that defendant sold certain lots by representing in newspapers, brochures and maps, as well as by oral statements, that certain portions of defendant's development would be set aside for recreational purposes for their unrestricted use; that these statements have proved to be untrue; that recorded maps of the development differ from the maps shown to purchasers, in that the recorded maps do not show areas set aside for conservation and recreational purposes.

This court, on July 28, 1972, filed an opinion in which we sustained a preliminary objection to the complaint because it did not show a good cause of action: 61 D. & C. 2d 688 (1972). In doing so, we relied on the ruling in Coffin v. Old Orchard Development Corporation, 408 Pa. 487 (1962). In the complaint, plaintiff had failed to allege that the lands allegedly set aside for recreational purposes had been dedicated to public use. The lot owners had accepted deeds which contained no reference to the right of unrestricted use to the lands supposedly set aside for recreational purposes. Plaintiffs have filed an amended complaint which contains the bare allegation that the said lands were dedicated to public use without stating specific supporting facts. Preliminary objections to the amended complaint are still pending.

After lengthy negotiations, the parties have reached an agreement of settlement wherein defendant agrees to sell to the corporate plaintiff the recreational portions of the development for $50,000. The corporation will then have complete ownership and control over the recreational areas

in the development. It appears that the purchase can be accomplished without the levy of any assessment on the individual lot owners. Payments will be made out of income received from operations.

The agreement limits the developer of Locust Lake Village to a future development not in excess of 275 acres.

In any future development, the developer must set aside land equal to five percent of the extended area developed for recreational purposes and deed this land to corporate plaintiff.

We see nothing unfair about this agreement. It has some wholesome aspects: (1) it will settle litigation, the outcome of which is doubtful; (2) it will save protracted and costly litigation; (3) it will give to all lot owners in Locust Lake Village the rights and privileges sought by the litigation; (4) the cost of securing these rights and privileges should not prove burdensome since the purchase price will be paid out of ordinary income; (5) it will place control of these rights and privileges in the hands of those who will benefit from them.

We have before us a motion by plaintiffs to dismiss the case with prejudice. In light of our finding, that the settlement agreement is fair and reasonable and does not impose a heavy burden on the lot owners, we will grant the motion.

## ORDER

And now, March 4, 1974, plaintiffs' motion to dismiss the suit with prejudice is granted, and the suit is hereby dismissed with prejudice.